**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **GREGORY HURT,** individually and on behalf of similarly situated persons,<br><br>Plaintiff,<br><br>v.<br><br>**TEAM WASHINGTON, INC. d/b/a DOMINOS PIZZA,** and **MARY LYNNE CARRAWAY, individually,**<br><br>Defendants. | **Case No. 1:21-cv-1379**<br><br>**Jury Demanded** |

**COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT**
**OF 1938 AND DISTRICT OF COLUMBIA WAGE AND HOURS LAWS**

Plaintiff Gregory Hurt ("Plaintiff"), individually and on behalf of all other similarly situated persons, brings this Complaint against Defendants Team Washington, Inc. d/b/a Domino's Pizza and Mary Lynne Carraway ("Defendants"), and alleges as follows:

1.      Defendants operate numerous Domino's Pizza franchise stores in Washington D.C. and the surrounding area. Defendants employ 'delivery drivers who use their own automobiles to deliver pizza and other food items to their customers.  However, instead of reimbursing delivery drivers for the reasonably approximate costs of the business use of their vehicles, Defendants use a flawed method to determine reimbursement rates that provides such an unreasonably low rate – beneath any reasonable approximation of the expenses that drivers incur – that the drivers' unreimbursed expenses cause their wages to fall below the federal minimum wage during some or all workweeks.

2.      Plaintiff brings this lawsuit as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.,* and as a class action for violations under the Washington

D.C. Minimum Wage Revision Act ("DCMWRA"), D.C. Code § 32-1001 *et seq.* and provisions of the Washington D.C. Wage Payment and Wage Collection Law ("DCPWPCL") to recover unpaid minimum wages owed to himself and similarly situated persons employed by Defendants at their Domino's Pizza stores.

## JURISDICTION AND VENUE

3.      The FLSA authorizes court actions by private parties to recover damages for violation of its wage and hour provisions. Jurisdiction over Plaintiff's FLSA claim is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 (federal question) and over Plaintiff's DCMWRA and DCWPCL claims pursuant to 28 U.S.C § 1367.

4.      Venue in this District is proper under 28 U.S.C. § 1391 because Plaintiff resides in this District, Defendants employed Plaintiff in this District, Defendants operate Dominos Pizza franchise stores in this District, and a substantial part of the events giving rise to the claim herein occurred in this District.

## PARTIES

5.      Defendant, Team Washington, Inc. is a Corporation and may be served via its registered agent, Mary Lynne Carraway who may be served at 1600 Spring Hill Rd. Suite #100, Vienna, Virginia, 22182, or wherever she may be found.

6.      Defendant Mary Lynne Carraway is individually liable because, during the relevant times, she was an owner of substantial interests in Team Washington, Inc. d/b/a Domino's Pizza, served as officer of the entity, and held managerial responsibilities and substantial control over terms and conditions of drivers' work as they held the power to hire and fire, supervised and controlled work schedules and/or conditions of employment, determined rates and methods of pay and/or expense reimbursements, and maintained employment records and/or held control over

employment records. Defendant Mary Lynne Carraway may be served at 1600 Spring Hill Rd. Suite #100, Vienna, Virginia, 22182, or wherever she may be found.

7.    Plaintiff has been employed by Defendants within the three-year period from filing this Complaint as a delivery driver at Defendants' Domino's Pizza store located in Washington, D.C. Plaintiff's consent to pursue this claim under the FLSA is attached to this Original Complaint as "**Exhibit 1**."

## GENERAL ALLEGATIONS

### *Defendants' Business*

8.    Defendants own and operate numerous Domino's Pizza franchise stores including stores within this District and this Division.

9.    Mary Lynne Carraway is an owner, officer, and director Team Washington, Inc.

10.    In this capacity, Ms. Carraway put the pay scheme at issue in place, has overseen and enforced Defendants' pay practices, and is, therefore, individually liable for the violations at issue.

11.    Defendants' Domino's Pizza stores employ delivery drivers who all have the same primary job duty: to deliver pizzas and other food items to customers' homes or workplaces.

### *Defendants' Flawed Automobile Reimbursement Policy*

12.    Defendants' require their delivery drivers to maintain and pay for safe, legally operable, and insured automobiles when delivering pizza and other food items.

13.    Defendants' delivery drivers incur costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering pizza and other food items for the primary benefit of Defendants.

14.     Defendants' delivery driver reimbursement policy reimburses drivers on a per-mile basis that equates to below the IRS business mileage reimbursement rate or any other reasonable approximation of the cost to own and operate a motor vehicle. This policy applies to all of Defendants' delivery drivers.

15.     The result of Defendants' delivery driver reimbursement policy is a reimbursement of much less than a reasonable approximation of its drivers' automobile expenses.

16.     During the applicable FLSA and DCMWRA limitations period, the IRS business mileage reimbursement rate ranged between $.545 and $.58 per mile. Likewise, reputable companies that study the cost of owning and operating a motor vehicle and/or reasonable reimbursement rates, including the AAA, have determined that the average cost of owning and operating a vehicle ranged between $.571 and $.608 per mile during the same period for drivers who drive 15,000 miles per year. These figures represent a reasonable approximation of the average cost of owning and operating a vehicle for use in delivering pizzas.

17.     However, the driving conditions associated with the pizza delivery business cause even more frequent maintenance costs, higher costs due to repairs associated with driving, and more rapid depreciation from driving as much as, and in the manner of, a delivery driver. Defendants' delivery drivers further experience lower gas mileage and higher repair costs than the average driver used to determine the average cost of owning and operating a vehicle described above due to the nature of the delivery business, including frequent starting and stopping of the engine, frequent braking, short routes as opposed to highway driving, and driving under time pressures.

18.     Defendants' reimbursement policy does not reimburse delivery drivers for even their ongoing out-of-pocket expenses, much less other costs they incur to own and operate their

4

vehicle, and thus Defendants uniformly fail to reimburse their delivery drivers at any reasonable approximation of the cost of owning and operating their vehicles for Defendants' benefit.

19.    Defendants' systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Defendants such that the hourly wages it pays to Plaintiff and Defendants' other delivery drivers are not paid free and clear of all outstanding obligations to Defendants.

20.    Defendants fail to reasonably approximate the amount of their drivers' automobile expenses to such an extent that its drivers' net wages are diminished below the federal minimum wage requirements.

21.    In sum, Defendants' reimbursement policy and methodology fail to reflect the realities of delivery drivers' automobile expenses.

### *Defendants' Failure to Reasonably Reimburse Automobile Expenses Causes Minimum Wage Violations*

22.    Regardless of the precise amount of the per-mile reimbursement at any given point in time, Defendants' reimbursement formula has resulted in an unreasonable underestimation of delivery drivers' automobile expenses throughout the recovery period, causing systematic violations of the federal minimum wage.

23.    Plaintiff is paid $7.00 per hour while out on delivery, including a tip credit applicable to the time he performed deliveries.

24.    The federal minimum wage has been $7.25 per hour since July 24, 2009 and the D.C. minimum wage has been between $13.25 and $15 per hour.

25.    During the time Plaintiff has worked for Defendants as a delivery driver, he is reimbursed just $.30 per mile and on average drives 2 miles per delivery.

26.     During the relevant time period, the IRS business mileage reimbursement rate ranged between $.545 and $.58 per mile, which reasonably approximated the automobile expenses incurred delivering pizzas. http://www.irs.gov/Tax-Professionals/Standard-Mileage-Rates. Using the lowest IRS rate and the highest rate per mile plaintiff is making per mile driven ($.30 per mile) in effect during that period as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreases his net wages by at least $.245 ($.545 - $.30) per mile.

27.     During his employment by Defendants, Plaintiff regularly makes 10 or more deliveries per hour. Thus, using even a conservative under-estimate of Plaintiff's actual expenses and damages, every hour on the job decreases Plaintiff's net wages by at least $4.90 ($.245 per mile x 10 deliveries/hour x 2 miles/delivery). Thus, Plaintiff's hourly wage is "kicked back" to just $2.10 per hour ($7.00 per hour wage - $4.90 decreased wages per hour).

28.     All of Defendants' delivery drivers had similar experiences to those of Plaintiff. They were subject to the same reimbursement policy; received similar reimbursements; incurred similar automobile expenses; completed deliveries of similar distances and at similar frequencies; and were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

29.     Because Defendants paid their drivers a gross hourly wage at precisely, or at least very close to, the federal minimum wage, and because the delivery drivers incurred unreimbursed automobile expenses, the delivery drivers "kicked back" to Defendants an amount sufficient to cause minimum wage violations.

30.     While the amount of Defendants' actual reimbursements per delivery may vary over time, Defendants are relying on the same flawed policy and methodology with respect to all delivery drivers at all of their other Dominos Pizza stores. Thus, although reimbursement amounts

may differ somewhat by time or region, the amounts of under-reimbursements relative to automobile costs incurred are relatively consistent between time and region.

31.     The net effect of Defendants' flawed reimbursement policy is that Defendants have willfully failed to pay the federal minimum wage to their delivery drivers. Defendants thereby enjoy ill-gained profits at the expense of their employees.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

32.     Plaintiff brings this FLSA claim as an "opt-in" collective action on behalf of similarly situated persons pursuant to 29 U.S.C. § 216(b).

33.     The FLSA claims may be pursued by those who opt-in to this case pursuant to 29 U.S.C. § 216(b).

34.     Plaintiff, individually and on behalf of himself and other similarly situated persons, seeks relief on a collective basis challenging Defendants' practice of failing to pay employees federal minimum wage. The number and identity of other plaintiffs yet to opt-in may be ascertained from Defendants' records, and potential class members may be notified of the pendency of this action via mail and electronic means.

35.     Plaintiff and all of Defendants' delivery drivers are similarly situated in that:

a.  They have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers.

b.  They have delivered pizza and food items using automobiles not owned or maintained by Defendants;

c.  Defendants required them to maintain these automobiles in a safe, legally operable, and insured condition;

d.  They incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e.  They were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

7

f.  They were subject to the same pay policies and practices of Defendants;

g.  They were subject to the same delivery driver reimbursement policy that under-estimates automobile expenses per mile, and thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks.

h.  They were reimbursed similar set amounts of automobile expenses per delivery; and,

i.  They were paid at or near the federal minimum wage before deducting unreimbursed business expenses.

36.    Plaintiff brings Count II and Count III as a class action pursuant to Fed. R. Civ. P. 23, on behalf of himself and as the Class Representatives of the following persons (the "Class"):

All current and former delivery drivers employed by Defendants during the applicable statutory period preceding the filing of this Complaint.

37.    The state law claims, if certified for class-wide treatment, are brought on behalf of all similarly situated persons who do not opt-out of the Class.

38.    The Class satisfies the numerosity standard as it consists of hundreds of persons who are geographically dispersed and, therefore, joinder of all Class members in a single action is impracticable.

39.    Questions of fact and law common to the Class predominate over any questions affecting only individual members. The questions of law and fact common to the Class arising from Defendants' actions include, without limitation:

a.  Whether Defendants failed to pay Class members the minimum wage required by District of Columbia law,

b.  Whether Defendants failed to reasonably reimburse Class members for using their own vehicles to deliver Defendants' pizzas and other food items,

c.  Whether Defendants' formula and / or methodology used to calculate the payment of reimbursement for vehicle expenses resulted in unreasonable under-reimbursement of the Class members, and

8

d. Whether Defendants failed to keep accurate records of deductions from Class members' wages in violation of District of Columbia law.

40.      The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

41.      Plaintiff's claim is typical of those of the Class in that:

a. Plaintiff and the Class have worked as delivery drivers for Defendants delivering pizza and other food items to Defendants' customers;

b. Plaintiff and the Class delivered pizza and food items using automobiles not owned or maintained by Defendants;

c. Defendants required Plaintiff and the Class to maintain these automobiles in a safe, legally-operable, and insured condition;

d. Plaintiff and the Class incurred costs for automobile expenses while delivering pizzas and food items for the primary benefit of Defendants;

e. Plaintiff and the Class were subject to similar driving conditions, automobile expenses, delivery distances, and delivery frequencies;

f. Plaintiff and the Class were subject to the same pay policies and practices of Defendants;

g. Plaintiff and the Class were subject to the same delivery driver reimbursement policy that underestimates automobile expenses per mile, and are thereby systematically deprived of reasonably approximate reimbursements, resulting in wages below the federal minimum wage in some or all workweeks;

h. Plaintiff and the Class were reimbursed similar set amounts of automobile expenses per delivery; and

i. Plaintiff and the Class were paid at or near District of Columbia minimum wage before deducting unreimbursed business expenses.

42.      A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendants have acted or refused to act on grounds generally applicable to the Class.

43.     Plaintiff is an adequate representative of the Class because he is a member of the Class and his interests do not conflict with the interest of the members of the Class he seeks to represent. The interests of the members of the Class will be fairly and adequately protected by Plaintiff and the undersigned counsel, who have extensive experience prosecuting complex wage and hour, employment, and class action litigation.

44.     Maintenance of this action as a class action is superior to other available methods for fairly and efficiently adjudicating the controversy as members of the Class have little interest in individually controlling the prosecution of separate class actions, no other litigation is pending over the same controversy, it is desirable to concentrate the litigation in this Court due to the relatively small recoveries per member of the Class, and there are no material difficulties impairing the management of a class action.

45.     It would be impracticable and undesirable for each member of the Class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all Class members.

### Count I: Violations of the Fair Labor Standards Act of 1938

46.     Plaintiff reasserts and re-alleges the allegations set forth above.

47.     The FLSA regulates, among other things, the payment of minimum wage by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §206(a).

48.     Defendants are subject to the FLSA's minimum wage requirements because they constitute and operate an enterprise engaged in interstate commerce, and their employees are engaged in commerce.

49.     At all relevant times herein, Plaintiff and all other similarly situated delivery drivers have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et seq.*

50.     Section 13 of the FLSA, codified at 29 U.S.C. § 213, exempts certain categories of employees from federal minimum wage obligations. None of the FLSA exemptions apply to Plaintiff or other similarly situated persons.

51.     Under Section 6 of the FLSA, codified at 29 U.S.C. § 206, employees have been entitled to be compensated at a rate of at least $7.25 per hour since July 24, 2009.

52.     As alleged herein, Defendants have reimbursed delivery drivers less than the reasonably approximate amount of their automobile expenses to such an extent that it diminishes these employees' wages beneath the federal minimum wage.

53.     Defendants knew or should have known that their pay and reimbursement policies, practices and methodology result in failure to compensate delivery drivers at the federal minimum wage.

54.     Defendants, pursuant to their policy and practice, violated the FLSA by refusing and failing to pay federal minimum wage to Plaintiff and other similarly situated persons.

55.     Plaintiff and all similarly situated persons are victims of a uniform and employer-based compensation and reimbursement policy. This uniform policy, in violation of the FLSA, has been applied, and continues to be applied, to all delivery driver employees in Defendants' stores.

56.    Plaintiff and all similarly situated employees are entitled to damages equal to the minimum wage minus actual wages received after deducting reasonably approximated automobile expenses within three years from the date each Plaintiff joins this case, plus periods of equitable tolling, because Defendants acted willfully and knew, or showed reckless disregard for, whether its conduct was unlawful.

57.    Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and other similarly situated persons are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages under 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants are not liable for liquidated damages, Plaintiff and all similarly situated persons are entitled to an award of prejudgment interest at the applicable legal rate.

58.    As a result of the aforesaid willful violations of the FLSA's minimum wage provisions, minimum wage compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated persons. Accordingly, Defendants are liable under 29 U.S.C. § 216(b), together with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

**Count II: Violations of the Washington D.C. Minimum Wage Revision Act**

59.    All previous paragraphs are incorporated as though fully set forth herein.

60.    Plaintiff and other Class Members are employees entitled to the DCMWRA's protections.

61.    Defendants are employers covered by the DCMWRA.

62.    The DCMWRA, as of July 1, 2018 entitled employees a minimum hourly compensation of $13.25 for hours worked under 40 in a week. As of July 1, 2019 entitled

12

employees a minimum hourly compensation of $14 for hours worked under 40 in a week. As of

July 1, 2020 entitled employees a minimum hourly compensation of $15 for hours worked under

40 in a week. *See* D.C. Code § 32-1003(a).

63.    In violating the DCMWRA, Defendants acted willfully with reckless disregard of

clearly applicable DCMWRA provisions.

### Count III: Violations of the D.C. Wage Payment and Wage Collection Law

64.    All previous paragraphs are incorporated as though fully set forth herein.

65.    Plaintiff and other Class Members are employees entitled to the DCWPCL's

protections.

66.    Defendants are employers covered by the DCWPCL.

67.    "Wages" pursuant to DCWPCL (D.C. Code § 32-1301(3)), "includes a: (A) Bonus;

(B) Commission; (C) Fringe benefits paid in cash; (D) Overtime premium; and (E) Other

renumeration promised or owed: (i) pursuant to a contract for employment, whether written or

oral; (ii) pursuant to a contract between an employer and another person or entity; or (iii) pursuant

to District of Federal law."

68.    Plaintiff and other Class Members performed work duties for Defendants' benefit

as set forth above for which Defendants failed to pay Plaintiffs all wages earned and required by

Federal and District of Columbia law.

69.    Defendants owe Plaintiff and other Class Members wages for work duties

performed as set forth above.

70.    Defendants' failure to pay Plaintiff and other Class Member wages as set forth

above constitutes a violation of their right to received wages as guaranteed by the DCWPCL.

71.    In violating the DCWPCL, Defendants acted willfully with reckless disregard of clearly applicable DCWPCL provisions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and those similarly situated demand judgment against Defendants and pray for: (1) compensatory damages; (2) liquidated damages, (3) costs of litigation and attorney's fees as provided by law; (4) pre-judgment and post-judgment interest as provided by law; and (5) such other relief as the Court deems fair and equitable.

### Demand for Jury Trial

Plaintiff hereby requests a trial by jury of all issues triable by jury.

Respectfully submitted,

/s/ *Matthew Haynie*
**D. Matthew Haynie**
TX Bar No. 24087692
**FORESTER HAYNIE PLLC**
400 N St Paul St Ste 700
Dallas, Texas 75201
(214) 210-2100 phone
(469) 399-1070 fax
matthew@foresterhaynie.com

## CERTIFICATE OF SERVICE

Service will be made on Defendants with summons to be issued by the clerk according to the Federal Rules of Civil Procedure.

/s/ *Matthew Haynie*
**D. Matthew Haynie**